## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KELLOGG BROWN & ROOT SERVICES, INC.
601 Jefferson Street
Houston, Texas 77002,

      Plaintiff

vs.

UNITED STATES DEPARTMENT OF
DEFENSE,

**Serve:**

Hon. Ashton B. Carter
U.S. Secretary of Defense
c/o Dep't of Defense Office of General Counsel
1600 Defense Pentagon
Washington, DC 20301

Civil Process Clerk
United States Attorney's Office
555 Fourth Street, NW
Washington, DC 20530

and

Hon. Loretta Lynch
Attorney General of the United States
950 Pennsylvania Ave., NW
Washington, DC 20530,

      Defendant.

Case No. 15-1334

## COMPLAINT FOR INJUNCTIVE RELIEF
### (Freedom of Information Act)

    For its complaint against the United States Department of Defense ("DoD"),

Plaintiff Kellogg Brown & Root Services, Inc. ("KBR") alleges as follows.

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to enjoin DoD from improperly withholding agency records and to order the production of all improperly withheld agency records.

2.      As set forth herein, on or about February 5, 2015, KBR submitted a targeted, detailed request for specific records to various points of contact within the DoD, including within the United States Army, related to KBR's performance of Contract No. DAAA09-02-D-0007 ("LOGCAP III Contract") and Contract No. DACA63-03-D-0005 ("RIO Contract").

3.      KBR's request narrowly focused each agency's search obligations by identifying for each agency only a small number of specific document custodians (identified by name), and a small number of specific document databases.

4.      Although KBR submitted its targeted FOIA request approximately six months ago, to date DoD and its components have released only one record.

5.      In responding to KBR FOIA requests, DoD has demonstrated a pattern and practice of obfuscation and delay to avoid meeting its disclosure obligations.  In fact, this is the third time KBR has been forced to seek judicial intervention to compel a final determination to its FOIA requests related to performance of the LOGCAP III Contract.  *See Kellogg Brown & Root, Inc. v. U.S. Dep't of Def.*, Case No. 1:10-cv-00414 (JDB) (D.D.C.) (suit involving three-year delay to produce documents responsive to a 2010 FOIA request); *Kellogg Brown & Root, Inc. v. U.S. Dep't of Def.*, Case No. 1:13-cv-00193 (JDB) (D.D.C.) (suit involving failure to respond to 2012 FOIA request).

## PARTIES

6.     Plaintiff KBR is incorporated under the laws of the State of Delaware and maintains its principal place of business at 601 Jefferson Street, Houston, Texas 77002.

7.     Defendant DoD is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).

## JURISDICTION & VENUE

8.     This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

9.     KBR has exhausted its administrative remedies.

10.     Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

### I.     Background

11.     For over ten years, KBR provided a wide-array of essential support services to American soldiers on the Iraq and Afghanistan battlefields under the LOGCAP III contract.  KBR also helped to re-establish the Iraqi oil infrastructure under the RIO contract.

12.     As a result of its performance under these contracts, KBR has been targeted by third parties seeking to recover in tort for injuries sustained during the wars in Afghanistan and Iraq.

13.     The LOGCAP III and RIO Contracts obligate the U.S. Government to indemnify and reimburse KBR for costs incurred defending third-party tort suits arising out of or related to performance of the subject contracts.

14.     In accordance with the indemnification obligations and cost reimbursement principles contained in the subject contracts, KBR has repeatedly requested assistance from DoD, and the U.S. Government in general.  In response, DoD has repeatedly denied those requests for assistance and stymied KBR's access to ostensibly public records.  Indeed, Defendants have stood mute when their indemnity, cooperation and cost reimbursement obligations have been raised and have hid behind a veil of "neutrality."

15.     KBR's ability to defend itself adequately against litigation, in both pending suits and suits not yet filed, materially depends on obtaining  records in possession of the DoD.  As it is permitted to do by the statute, KBR has been obliged to use FOIA to obtain records from DoD.

## II.    The FOIA Request At Issue

16.     On February 5, 2015, KBR submitted a FOIA request ("the Request") to offices within the DoD seeking agency records related to KBR's performance under the LOGCAP III and RIO Contracts as well as actions DoD has taken to meet its obligations under the same contracts.  A true and correct copy of the Request is attached as Exhibit 1.

17.     The Request sought records from specifically-named document custodians and specifically-identified document databases. That is, rather than submit an open-ended request in generic terms that did not tell each agency whose files it should search, KBR actually identified, for each agency, only a small number of document custodians whose files needed to be searched. The Request listed:

- Nine specifically-named document custodians and three databases within Army Sustainment Command ("ASC");

- Three specifically-named document custodians within Army Material Command ("AMC");

- One database within U.S. Central Command ("CENTCOM");

- Six specifically-named document custodians within the U.S. Army;

- Seven specifically-named document custodians within the Office of the Secretary of Defense ("OSD"); and

- Two specifically-named document custodians within the Defense Contract Management Agency ("DCMA").

18.    Further, because the two contracts are in active "closeout" and the subject of considerable on-going litigation, the records sought are closely and immediately maintained and readily available to DoD and all of its components.

19.    On or about February 5, 2015, KBR sent the Request to the addressees listed on Exhibit 1.

20.    Despite the targeted nature of the Request, KBR has only received a single three-paged record in response.

A.    <u>Office of the Secretary of Defense and Joint Staff FOIA Office</u>

21.    On February 10, 2015, the Office of the Secretary of Defense/Joint Staff FOIA Center ("OSD/JS") received the Request.

22.     OSD/JS acknowledged that it received the Request and informed KBR, on multiple occasions, that despite the relatively small volume of documents, review would take a year or more.

23.     To date, KBR has received no released records or further response from the OSD/JS FOIA Office.

24.     The Office of the Secretary of Defense/Joint Staff FOIA Center has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

**B.      Office of the Assistant Secretary of the Army for Acquisition, Logistics & Technology**

25.     On February 11, 2015, the U.S. Army FOIA Office received the Request.

26.     On March 30, 2015, the U.S. Army FOIA Office referred the Request to the Office of the Assistant Secretary of the Army for Acquisition, Logistics, and Technology ("ASA-ALT").

27.     To date, KBR has received no response from ASA-ALT.

28.     ASA-ALT has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(ii).

**C.      Defense Contract Management Agency**

29.     On February 11, 2015, the DCMA received the Request.

30.     On February 11, 2015, Ms. Kimberly Turner of DCMA acknowledged receipt of the Request and informed KBR that its Request had been placed in the

"complex queue." Ms. Turner also stated that the Request had been assigned to the DCMA International Division.

31.    On July 1, 2015, AMC referred records responsive to the Request to DCMA for a release determination.

32.    To date, KBR has received no released records, no determinations on referred records, nor any substantive response related to the Request from DCMA.

33.    DCMA has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(ii).

### D.    U.S. Central Command

34.    On February 9, 2015, CENTCOM received the Request.

35.    On June 9, 2015, KBR requested a status update from CENTCOM.

36.    On June 9, 2015, CENTCOM acknowledged that it received the Request and stated that the assigned case manager would provide a status update.

37.    To date, KBR has received no released records or further response from CENTCOM.

38.    CENTCOM has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

### E.    U.S. Army Sustainment Command

39.    On February 6, 2015, ASC received the Request.

40.    On February 6, 2015, Ms. Angela Keel-Welsh of ASC confirmed its receipt of the FOIA request and stated that it would not be able to provide a determination within the timeframe required by the FOIA.

41.     On May 7, 2015, KBR provided updated contact information and requested a status update from ASC. ASC did not respond.

42.     On June 26, 2015, KBR requested a status update from ASC. ASC did not respond.

43.     On July 1, 2015, AMC referred records it identified as responsive to the Request to ASC for a release determination.

44.     To date, KBR has received no released records, no determination on referred records, nor any further response from ASC regarding the Request.

45.     ASC has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

**F.    U.S. Army Materiel Command**

46.     On February 9, 2015, AMC received the Request.

47.     Mr. Turner of AMC acknowledged receiving the Request and provided KBR with an expected release date on several occasions.  Each time, Mr. Turner failed to release any records by the expected release date.

48.     On March 20, 2015, Mr. Turner of AMC estimated that it would provide KBR with "an interim response to your request by April 15, 2015."  KBR did not receive an interim response by April 15, 2015.

49.     On May 22, 2015, Mr. Turner of AMC informed KBR that his target release date for responsive records was June 12, 2015.  KBR received no records on June 12, 2015.

50.    On June 26, 2015, Mr. Turner of AMC responded that the records were in "final legal review" and that he expected to send them to KBR "by the end of next week."  At the end of the next week, July 3, 2014, KBR still had received no records.

51.    On July 1, 2015, AMC referred records it identified as responsive to several other DoD components for release determinations. These components included the Department of Defense FOIA Office; the Department of Defense Office of the Inspector General; DCMA; the Department of the Army Inspector General Office; U.S. Army FOIA Office; the U.S. Army Crime Record Center; the ASC; and the U.S. Army Combat Readiness Center.[1]

52.    On July 8, 2015, Mr. Turner of AMC confirmed that AMC would release responsive records and that "[h]opefully, they will be release [sic] soon."  On July 20, 2015, Mr. Turner of AMC explained that computer problems had delayed his office's release of documents.

53.    On August 11, 2015, Mr. Turner of AMC represented that his office would release two records in the next day or two.

54.    To date, KBR has received no released records or further response from AMC regarding the Request.

55.    AMC has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

---

[1] On August, 13, 2015, the U.S. Army Combat Readiness Center released a single, three-paged document in response to the Request.  To date, it is the only record KBR has received.

### G.   DoD FOIA Office

56.     On July 1, 2015, AMC referred records it identified as responsive to the Request to the Department of Defense Freedom of Information Office ("DoD FOIA") for a release determination.

57.     To date, KBR has received no response from DoD FOIA.

58.     DoD FOIA has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

### H.   DoD Office of the Inspector General

59.     On July 1, 2015, AMC referred records it identified as responsive to the Request to the Department of Defense Office of the Inspector General ("DoD OIG") for a release determination.

60.     To date, KBR has received no response from DoD OIG.

61.     DoD OIG has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

### I.   U.S. Army Crime Record Center

62.     On July 1, 2015, AMC referred records it identified as responsive to the Request to the U.S. Army Crime Record Center ("CIRC") for a release determination.

63.     To date, KBR has received no response from CIRC.

64.     CIRC has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

**J.**   **Department of the Army Inspector General Office**

65.    On July 1, 2015, AMC referred records it identified as responsive to the Request to the Department of the Army Inspector General Office ("DAIG") for a release determination.

66.    On July 28, 2015, Colonel Michael R. Black responded on behalf of the DAIG and indicated that KBR's Request has been referred to the Office of the Special Inspector General for Iraq Reconstruction.

67.    To date, KBR has received no further response from DAIG.

68.    DAIG has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

**K.**   **Office of the Special Inspector General for Iraq Reconstruction**

69.    On July 28, 2015, DAIG referred the Request to the Office of the Special Inspector General for Iraq Reconstruction ("SIGIR").

70.    To date, KBR has received no response from SIGIR.

71.    SIGIR has not made a determination on the Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

### COUNT I - FAILURE TO COMPLY WITH FOIA

72.    KBR incorporates each of the foregoing paragraphs of this Complaint.

73.    Pursuant to FOIA, 5 U.S.C. § 552(a), KBR has a statutory right to access requested agency records.

74.    The DoD, by and through its components, has failed to comply with the time limits prescribed by FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i)-(ii).

75.    The DoD is improperly and unlawfully withholding public agency records requested by KBR pursuant to U.S.C. § 552.

76.    The DoD has failed to conduct a reasonable search for records responsive to the requests.

77.    The DoD has failed to properly respond to KBR's requests.

78.    KBR is being irreparably harmed by reason of DoD's unlawful withholding of the requested public records, and KBR will continue to be irreparably harmed unless DoD is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

WHEREFORE, KBR respectfully requests that this Court enter a judgment for KBR and award the following relief:

a.    Enjoin DoD from withholding the requested records and order DoD to produce said records forthwith to KBR in accordance with FOIA, 5 U.S.C. § 552;

b.    Expedite the proceedings in this action;

c.    Award KBR its costs and attorney's fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

d.    Grant KBR such other and further relief as the Court may deem just and proper.

August 17, 2015                              Respectfully submitted,


                                        _____/s/ Daniel Russell_____
                                        Daniel L. Russell Jr. (D.C. Bar No. 491655)
                                        Kevin Barnett (D.C. Bar No. 1003410)
                                        COVINGTON & BURLING LLP
                                        OneCity Center
                                        850 Tenth Street NW
                                        Washington, DC 20001
                                        (202) 662-5420
                                        drussell@cov.com

                                        ATTORNEYS FOR PLAINTIFF